# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria C Benitez,<br><br>        Plaintiff,<br><br>v.<br><br>Gene Gordon Roelfsema, *et al.*,<br><br>        Defendants. | No. CV-17-04209-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff Maria C Benitez's Motion to Remand (Doc. 7, Mot.), to which Defendants Gene and Jeanne Roelfsema (collectively, "Defendants") filed a Response (Doc. 9, Resp.), to which Plaintiff filed a Reply (Doc. 10, Reply), and to which Defendants filed a Sur-Reply (Doc. 14, Sur-Reply). The matter is appropriate for resolution without oral argument. *See* LRCiv 7.2(f). The Court has reviewed these documents, the evidence and citations Defendants and Plaintiff have provided, Defendants' Notice of Removal (Doc. 1, Notice of Removal), and Plaintiff's Complaint (Doc. 1, Ex. A, Compl.), and finds that the evidence submitted at this time is insufficient to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. However, the Court will grant Defendants' request for limited jurisdictional discovery. Thus, the Court denies Plaintiff's Motion to Remand (Doc. 7) with leave to refile.

**I.    BACKGROUND**

On January 13, 2017, Plaintiff Maria Benitez was driving her 2011 Chevy Malibu eastbound on 32nd Street in Yuma, Arizona. (Compl. ¶ 6.) As Benitez passed through the

intersection of 32nd Street and S. Avenue 7 East on a green light, Defendant Gene Roelfsema drove northbound into the same intersection and crashed into Benitez. (Compl. ¶¶ 7–8.) Benitez suffered injuries to her right wrist, left hand, and chest as a result of the accident for which she sought treatment at the Yuma Regional Medical Center. (Compl. ¶ 9.) Those injuries have caused Benitez significant pain and suffering and have impaired her ability to enjoy life and perform everyday activities. (Compl. ¶ 10.)

On November 15, 2017, Benitez filed suit in Yuma County Superior Court alleging a single count of negligence. (Compl. ¶¶ 11–18.) Benitez's Complaint seeks to recover damages for her physical injury, pain, discomfort, suffering, anxiety, past medical expense, lost income to date, inability to enjoy life in the same manner as before the collision, as well as any other temporary injury she suffered. (Compl. ¶ 17.) Defendants timely removed the action to this Court based on diversity jurisdiction. (Notice of Removal.) Benitez now moves to remand, contending that the amount in controversy is below the jurisdictional threshold of $75,000. (Mot. at 3–4.)

**II.    LEGAL STANDARD**

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's

allegation." *Id.* "[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. & Servs of Md.*, 179 F.3d 754, 757 (9th Cir. 1999).

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554. The Ninth Circuit has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199-1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Courts may consider evidence of jury awards or judgments in similarly situated cases to make an amount in controversy determination. *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 757, 578 & n.4 (D. Ariz. 2003).

### III. ANALYSIS

The Court begins by examining whether Defendants' Notice of Removal satisfies the requirement of alleging diversity jurisdiction. *See Dart Cherokee Basin*, 135 S. Ct. at 554. First, the Notice of Removal contains a declaration—which Plaintiff does not challenge—that both Defendants are citizens of Wyoming. (Notice of Removal ¶ 3, Ex. B.) Thus, Defendants demonstrate complete diversity of citizenship because Plaintiff has alleged that she is an Arizona citizen. (Notice of Removal ¶ 3; Compl. ¶ 2.) Second, Defendants allege that the amount in controversy exceeds the jurisdictional threshold of $75,000. (Notice of Removal ¶ 4.) Plaintiff's claim is for a sum uncertain; however, Plaintiff has both certified that her damages are greater than the $50,000 limit for compulsory arbitration in Yuma County Superior Court,[1] 17C A.R.S. Super. Ct. Local

---

[1] Although Plaintiff avers to this Court that compulsory arbitration in Yuma

Prac. Rules, Yuma County, Rule 10A, and demanded that Defendants' insurer tender for settlement its available policy limit, which is $300,000. (Notice of Removal ¶ 4, Exs. C–D.) Therefore, the Court concludes that Defendants' statement that the amount in controversy exceeds the jurisdictional threshold of $75,000 is plausible.

Plaintiff contests the amount in controversy in her Motion to Remand; however, Plaintiff's argument amounts to little more than "no it isn't." (Mot. at 3–4.) In her Motion, Plaintiff fails to cite to any legal authority and only submits two relevant pieces of evidence: (1) an affidavit from counsel stating that his August 21, 2017 letter demanding tender of Defendant's insurance policy limit was only an attempt to initiate settlement discussions (Mot. Ex. 1 ¶ 4); and (2) a sworn affidavit by Plaintiff that her "damages in this matter do not *now* exceed $75,000" and that she would "accept a settlement of $75,000 if Defendant offers it *now*." (Mot. Ex. 2 ¶ 3 (emphasis added).)

In her Reply, Plaintiff argues that the affidavits amount to a stipulation which conclusively establishes that the amount in controversy falls below the threshold for this Court's jurisdiction.[2] (Reply at 3–4.) Plaintiff points to *Luce v. Kohl's Department Stores*, 23 F. Supp. 3d 82 (D. Conn. 2014) and *Patel v. Nike Retail Services*, 58 F. Supp. 3d 1032 (N.D. Cal. 2014) for support, suggesting that these cases constitute "controlling legal authority" for her proposition. (Reply at 4–5.) Plaintiff is not only incorrect to argue that two out-of-district court opinions "control" this Court, but she also is incorrect because neither case stands for the proposition that a plaintiff's stipulation is, as a matter of law, dispositive for the purpose of a motion to remand. For example, although the court in *Luce* concluded that it "could properly rely on a damages-clarifying stipulation as a basis

---

County Superior Court now applies only to matters of $20,000 or less, she does so without citation to any authority. (Mot. at 3.) Given the clear language of Rule 10A, and the certification by Plaintiff's counsel under Rule 11(a) of the Arizona Rules of Civil Procedure that her damages exceeded the limit for compulsory arbitration, the Court assumes that the minimum amount in controversy is $50,000. (*See* Notice of Removal Ex. F.)

[2] Ordinarily, the Court does not address arguments raised for the first time in the reply brief, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); however, it will do so here because Defendants have been afforded the benefit of a Sur-Reply. (*See* Doc. 13, Order.)

- 4 -

to order that a removed case be remanded to state court," the court noted that doing so was a "practical solution" rather than an outcome required by law. *Luce,* 23 F. Supp. 3d at 84–85.

As both *Luce* and *Patel* note, several courts have questioned the value of post-hoc stipulations, *id.* at 83 n.1 (citing Benjamin T. Clark, *A Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post-Removal Damage Stipulations*, 58 Okla. L. Rev. 221 (2005)), and some require that "stipulations be executed prior to the notice of removal as a sign of their bona fides and cannot await the motion to remand," *Patel*, 58 F. Supp. 3d at 1039 (quoting Wright & Miller, 14A Fed. Prac. & Proc. Juris. § 3702.1 (4th ed.)); *see also, e.g.*, *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 324 (6th Cir. 2015) ("[W]e evaluate jurisdiction at the time of removal and the alleged stipulation offer does not affect jurisdiction once it has attached."); *Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). The Court shares these concerns and is not persuaded by Plaintiff's after-the-fact affidavit, particularly given that it speaks only to the value of the controversy *now* rather than the value at the time of removal or during the course of further proceedings. Accordingly, the Court rejects Plaintiff's contention that her affidavit resolves the Motion to Remand. (*See* Reply at 4.)

However, Defendants fail to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. In the Response, Defendants submit evidence identical to that included with the Notice of Removal—Plaintiff's certification that the value of her claim exceeds $50,000 and Plaintiff's demand to Defendants' insurer to tender Defendants' policy limit, which amounted to $300,000. (Resp. at 3–5.) However, as Plaintiff argues, it is not clear that she was aware of the value of Defendants' coverage at the time she demanded Defendants' insurer tender the limit. (*See* Mot. at 2, Ex. 1 ¶ 4.) Thus, although the Court can reasonably say that the dollar value of the controversy is within the range of $50,000 to $300,000, it is left blindly throwing darts to determine the precise value. Although plausible that the amount in controversy exceeds $75,000, it is

equally plausible that it does not. As such, the Court cannot say by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Nevertheless, given the preliminary nature of the matter, the Court agrees that limited discovery is warranted and would assist the Court in determining whether it has jurisdiction over this matter. (Resp. at 5–6); *see Ibarra,* 775 F.3d at 1199–20 (granting district courts discretion in crafting procedures for the submission of evidence for the purpose of a motion to remand); *Admiral Ins. Co v. Aspen Ins. UK Ltd.*, 2017 WL 6945090, at *1 (S.D. Cal. June 16, 2017) (allowing limited discovery for the purpose of a motion to remand). Therefore, the parties shall respond to the initial discovery requests set forth in the Mandatory Initial Discovery Pilot ("MIDP"). Following the exchange of discovery, both Plaintiff and Defendants may submit a supplemental brief on the Motion to Remand not to exceed five (5) pages.

IT IS THEREFORE ORDERED denying Plaintiff's Motion to Remand (Doc. 7) with leave to refile following the parties' exchange of the MIDP's initial discovery disclosures.

IT IS FURTHER ORDERED that the parties shall exchange the mandatory initial discovery disclosures (*see* Doc. 3) no later than March 23, 2018.

IT IS FURTHER ORDERED that the parties shall file simultaneous, supplemental briefs on the Motion to Remand not to exceed five (5) pages no later than April 13, 2018. The parties are not to repeat any argument already made in the briefs, and the Court will consider arguments raised in both the original and supplemental briefs. The parties are not to file responses or replies.

IT IS FURTHER ORDERED denying Plaintiff's Motion for Oral Argument (Doc. 11).

Dated this 28th day of February, 2018.

Honorable John J. Tuchi
United States District Judge