**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria C Benitez, | No. CV-17-04209-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Gene Gordon Roelfsema, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Maria Benitez's Motion to Remand (Doc 7.), to which Defendant Gene Gordan Roelfsema filed a Response (Doc. 9, Resp.), and to which Plaintiff filed a Reply (Doc. 10, Reply). On March 1, 2018, the Court issued an Order denying the Motion to Remand with leave to refile following the exchange of initial discovery disclosures under the Court's Mandatory Initial Discovery Pilot Project ("MIDP"). (Doc. 16, Mar. 1, 2018 Order at 6.) In accordance with that Order, the parties filed supplemental briefing on the Motion to Remand (Doc. 19, Pl's Br.; Doc. 20, Def's Br.) Upon review of that supplemental briefing, however, the Court concluded that Plaintiff failed to comply with the Court's Order to exchange discovery disclosures pursuant to the MIDP. (Doc. 21, June 8, 2018 Order.) In particular, Plaintiff failed to disclose a computation of and evidence pertaining to her prayer for lost wages despite evidence in the record that Plaintiff did not in fact work for a period of time following her accident. As a result, the Court issued an Order to Show Cause why Plaintiff should not be sanctioned for her failure to comply with the Court's March 1, 2018 Order and the

MIDP. (June 8, 2018 Order.) Plaintiff has now filed a Response to that Order (Doc. 24, Pl's OSC Br.), and Defendants filed a Response (Doc. 27, Defs' OSC Br.)

Plaintiff's Response to the Order to Show Cause fails to justify her failure. In support of the Response, Plaintiff's counsel attaches an affidavit from his litigation paralegal stating that she repeatedly attempted to obtain information from Plaintiff to verify Plaintiff's lost wages, but that Plaintiff failed to comply with these requests. (Doc. 24-1, Hahn Decl. ¶ 3–8.) Although this explanation may excuse the conduct of Plaintiff's attorney, it is Plaintiff's duty to disclose information relating to the damages she sought in her Complaint.

Under Federal Rule of Civil Procedure 37(b)(2), the Court may sanction a party who "fails to obey an order to provide or permit discovery." The Court's March 1, 2018 Order was such an order requiring that all parties in this matter provide discovery pursuant to the MIDP. Sanctions for a party's noncompliance may include "directing that the matters embraced in the order . . . be taken as established for purposes of the action" and "striking pleadings in whole." Fed. R. Civ. P. 37(b)(2)(A)(i), (iii). Because Plaintiff failed to obey this Court's Order to turn over a computation of all of the damages that she seeks to recover in her Complaint, pursuant to the MIDP, the Court will issue two such sanctions. First, the Court will strike Plaintiff's Motion to Remand, without leave to refile, because Plaintiff's failure to make adequate disclosures contravenes the very purpose of the Court's earlier Order. As the Court articulated in its earlier ruling, Defendant's Notice of Removal contains plausible allegations that the amount in controversy exceeds the Court's jurisdictional requirements. (Mar. 1, 2018 Order at 3–4.) Thus, the Court may assume jurisdiction over the matter in the absence of any challenge by Plaintiff. Second, even if Plaintiff later produces evidence demonstrating that she suffered lost wages as a result of her injuries, she shall be estopped from presenting such evidence or recovering any such damages.

. . . .

. . . .

1  IT IS THEREFORE ORDERED striking Defendant's Motion to Remand, without leave to refile.

Dated this 10th day of August, 2018.

*[signature]*
Honorable John J. Tuchi
United States District Judge